UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DOGA CANCA,<br><br>       Plaintiff,<br><br>v.<br><br>WAYFAIR LLC,<br><br>       Defendant. | Civil Action No. 22-2518 (GC) (RLS)<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

SINGH, United States Magistrate Judge.

This matter comes before the Court upon a Motion by Wayfair, LLC ("Defendant") to compel non-party Mohammed Cole ("Cole") to comply with a subpoena served on or about June 20, 2023 (the "Motion to Compel"). (Dkt. No. 29). Plaintiff Doga Canca ("Plaintiff") and Cole oppose the Motion to Compel. (Dkt. Nos. 34, 35). The Court has fully reviewed the submissions of the parties and considers the same without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1(b). For the reasons set forth below, the Court **DENIES** Defendant's Motion to Compel.

1

I.      **RELEVANT BACKGROUND AND PROCEDURAL HISTORY**

As the facts are well-known to the parties and the Court, they are not set forth at length herein. Instead, the Court only sets forth those facts and procedural history related to the instant Motion.

This employment matter arises out of Plaintiff's allegations that Defendant subjected her to a hostile work environment and terminated her employment in retaliation for complaining of numerous incidents through which she was purportedly subjected to discriminatory comments by her managers and other employees in violation of Title VII of the Civil Rights Act of 1964 ("Title VII" – 42 U.S.C. §§ 200d *et seq*.), and the New Jersey Law Against Discrimination ("NJ LAD"). (*See generally* Dkt. No. 1). Defendant denies the allegations and has asserted that it terminated Plaintiff's employment because of her alleged unprofessional and inappropriate conduct. (*See* Dkt. No. 29-1 at p. 1). Through discovery, Plaintiff produced a certification from Cole, who was an Operations Manager supervising Plaintiff when she was a warehouse supervisor and was then Plaintiff's peer when Defendant promoted Plaintiff to Operations Manager. (Dkt. No. 29-3 at ¶¶ 2-3). In his certification, in relevant part, Cole averred that coworkers did not speak to him directly regarding any inappropriate behavior by Plaintiff. (*See* Dkt. No. 29-3 at ¶¶ 5, 7, 8).

Contending that Cole's knowledge and certification are relevant to Defendant's awareness of Plaintiff's inappropriate conduct at work, on or about June 20, 2023, Defendant served Cole with a Subpoena to Testify at a Deposition in a Civil Action (the "Subpoena"), seeking both his deposition and the production of certain documents. (Dkt. No. 29-4). Relevant to the Motion, Defendant sought Cole to produce "any and all communications between [Cole] and [Plaintiff], including but not limited to, text messages, email messages, direct messages, voicemail recordings,

and any other types of written or recorded communications from October 1, 2019 to present." (Dkt. No. 29-4 at p. 4).

Cole contacted Defendant's counsel and they agreed on a mutually agreeable date for his deposition. (*See* Dkt. No. 29-2 at ¶ 13). Cole also advised Defendant's counsel that he had a lot of text messages with Plaintiff and it would be burdensome for him to make copies and produce them to Defendant. (*See* Dkt. No. 29-2 at ¶¶ 14-17). Cole represented to counsel—and later testified as such (*see* Dkt. No. 38 at 73:8-22, 86:4-88:5)—that he attempted to determine if there was a less burdensome way of retrieving the text messages by visiting a Verizon store, which was unsuccessful. (Dkt. No. 29-2 at ¶ 15). Cole also objected to providing his personal mobile device to an "independent cell phone investigator" retained by Defendant to retrieve the messages from Cole's device. (*See* Dkt. No. 29-2 at ¶¶ 15-17).

On July 21, 2023, Defendant filed this Motion to Compel, seeking the Court to compel Cole to comply with the Subpoena and produce the subject text messages or, alternatively, to provide Defendant with access to his phone so that a forensic investigator could download the messages. (*See generally* Dkt. No. 29). On July 28, 2023, Plaintiff filed her opposition to the Motion, contending that Defendant's request is "harassing, burdensome and unnecessary." (Dkt. No. 34 at p. 5 (footnote omitted)). On July 31, 2023, Cole filed an opposition to the Motion as well through a certified letter. (Dkt. No. 35). Cole stated that he attempted to work with Verizon to retrieve the text messages sought by Defendant to no avail and that, due to privacy reasons, he objected to providing his personal mobile device in response to the Subpoena. (Dkt. No. 35). Cole further stated that the requests sought by Defendant were unduly burdensome in light of his schooling and health conditions. (Dkt. No. 35).

Following the briefing on the Motion to Compel, Defendant deposed Cole pursuant to the Subpoena on August 2, 2023. (*See* Dkt. No. 37-38). During this deposition, Cole testified to not possessing any other emails, voicemails, direct messages, or social media messages with or regarding Plaintiff that were responsive to Defendant's Subpoena. (*See generally* Dkt. No. 38). Notably, Cole had his personal mobile device with him at his deposition and his attorney "skimmed" the text messages between Cole and Plaintiff, indicating on the record that they dated from December 2022 to April 2023 and "most of them" appeared to "have absolutely nothing to do with the prior employment," but rather with football. (Dkt. No. 38 at 99:9-22). Also, prior to Cole's deposition, and in connection with discovery between the parties, Plaintiff searched for and produced any relevant text messages between her and Cole within her possession; that search resulted in one relevant text message chain, which was produced to Defendant prior to Cole's deposition. (*See* Dkt. No. 37, p. 2).

## II.  LEGAL STANDARD

A party may seek discovery from non-parties provided they "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena[,]" which is enforceable by the appropriate district court as defined by the Federal Rules of Civil Procedure. Fed. R. Civ. P. 45(d)(1). The scope of permissible discovery from non-parties under Rule 45 is the same as the scope permitted under Rule 26(b) of the Federal Rules of Civil Procedure. *See in re Novo Nordisk Sec. Litig.*, 530 F. Supp. 3d 495, 501 (D.N.J. 2021); *accord E.S. by and through Sanchez v. Elizabeth Bd. of Educ.*, No. 20-1027, 2022 WL 2106382, at *2 (D.N.J. June 10, 2022). Indeed, a party may "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). The material "need not be admissible in evidence to be discoverable." *Id.*

A party may move to compel discovery from a non-party. Fed. R. Civ. P. 45(d)(2)(B)(i); *see also* Fed. R. Civ. P. 37(a). On such a motion, the movant must show that the sought-after discovery is relevant and, if it does, then "the resisting non-party must explain why discovery should not be permitted." *Biotechnology Value Fund, L.P. v. Celera Corp.*, No. 14-4046, 2014 WL 4272732, at *1 (D.N.J. Aug. 28, 2014) (citations and internal quotation marks omitted).

Nevertheless, "a non-party to litigation is afforded greater protection from discovery than a party." *Burgess v. Galloway*, No. 20-6744, 2021 WL 2661290, at *3 (D.N.J. Jan. 28, 2021) (citing *Chazanow v. Sussex Bank*, No. 11-1094, 2014 WL 2965697, at *2 (D.N.J. July 1, 2014)). Courts may modify or quash a subpoena if the discovery sought is irrelevant or if compelling such discovery would be unduly burdensome or oppressive. *See* Fed. R. Civ. P. 45(d); *see also* Fed. R. Civ. P. 26(b)(2)(C); *Korotki v. Cooper Levenson, April, Niedelman & Wagenheim, P.A.*, No. 20-11050, 2022 WL 2191519, at *2 (D.N.J. June 17, 2022) ("An undue burden exists when the subpoena is 'unreasonable or oppressive.'") (quoting *in re Lazaridis*, 865 F. Supp. 2d 521, 524 (D.N.J. 2011)); *New Jersey Dep't of Envt'l Prot. v. Am. Thermoplastics Corp.*, No. 98-4781, 2021 WL 4551337, at *2 (D.N.J. Oct. 5, 2021). In determining reasonableness, the Court may consider many factors including: relevance; the party's need for the discovery; the breadth of the request(s); the time period sought; the particularity with which the sought-after information is described; the burden imposed; and the responding party's non-party status. *Am. Thermoplastics*, 2021 WL 4551337, at *2-3 (quoting *in re Novo Nordisk Sec. Litig.*, 530 F. Supp. 3d at 501).

Ultimately, the court "has broad discretion regarding the enforcement of subpoenas." *Tattle Tale Portable Alarm Sys., Inc. v. Calfee, Halter & Griswold, LLP*, No. 11-7013, 2012 WL 1191214, at *3 (D.N.J. Apr. 10, 2012) (citation omitted); *see also Bayer AG v. Betachem, Inc.*, 173 F.3d 188, 191 (3d Cir. 1999); *Forrest v. Corzine*, 757 F. Supp. 2d 473, 477 (D.N.J. 2010)

("Magistrate Judges are given wide discretion to manage cases and to limit discovery in appropriate circumstances.").

### III.    DISCUSSION

Defendant presently seeks to compel non-party Cole to produce all text messages with Plaintiff within his possession or to produce his personal mobile device for a forensic investigation. (*See* Dkt. No. 29-1).  Defendant contends that the sought-after messages are relevant and not unduly burdensome.  (Dkt. No. 29-1 at pp. 7-9).  It further argues that Cole waived any objection to the Subpoena by failing to serve any written objection within 14 days after service.  *See* Fed. R. Civ. P. 45(d)(2)(B); (Dkt. No. 29-1 at p. 9).

As an initial matter, the Court declines to find that Cole waived his objections to the Subpoena.  Indeed, a non-party receiving the subpoena may serve objections to the subpoena, provided the non-party serves such objections "before the earlier of the time specified for compliance or 14 days after the subpoena is served."  Fed. R. Civ. P. 45(d)(2)(B).  A court may deem the failure to timely serve objections to a subpoena as a waiver of any such objections.  *See McCabe v. Ernst & Young, LLP*, 221 F.R.D. 423, 426 (D.N.J. 2004); *see also in re Sevier*, No. 22-mc-80, 2022 WL 3923679, at *2 (D. Del. Aug. 31, 2022) (recognizing that a party waives objections by failing to timely assert them under Rule 45, unless the non-party shows good cause or unusual circumstances).  However, it is well settled that the Court affords non-parties greater protection from discovery than a party.  *See also Burgess*, 2021 WL 2661290, at *3.

The record on this Motion reflects that Cole had multiple conversations with Defendant's counsel regarding his objections to the requests for text messages based on burden and privacy concerns.  (*See* Dkt. No. 29-2).  Further, the Court notes that Defendant served Cole with the Subpoena (dated June 15, 2023) on June 20, 2023, but indicated in the Subpoena that Cole was to

produce responsive documents to Defendant's counsel's offices in New York by June 22, 2023. (Dkt. No. 29-4). As such, any written objections to the Subpoena would have been due well after the date for compliance. *See* Fed. R. Civ. P. 45(d)(3)(A)(i) (requiring, on timely motion, the Court to quash or modify a subpoena that "fails to allow a reasonable time to comply"). In addition, Cole contacted Defendant's counsel upon receipt of the Subpoena on June 20, 2023, and continued to speak with Defendant's counsel about his concerns with producing the text messages over the next few days. (Dkt. No. 29-2 at ¶¶ 11-17). As such, Defendant's counsel has been very much aware of the objections raised by Cole albeit they were not in writing.[1] *See R.B. v. Hollibaugh*, No. 16-1075, 2017 WL 1196507, at *3 (M.D. Pa. Mar. 31, 2017) (noting that courts may find unusual circumstances exist where non-party contacted counsel for the subpoenaing party to discuss compliance without formally submitting objections to the subpoena).

Next, Defendant's request for all text messages between Plaintiff and Cole are overbroad, seeking potentially irrelevant material. During Cole's deposition, Cole's counsel advised that only a few text messages with Plaintiff existed on Cole's device and largely related to football. (*See* Dkt. No. 38 at 99:9-22). Such communications are not relevant to the instant dispute.

Moreover, Defendant's request for the production of all such text messages or the production of a non-party's personal mobile device for a forensic evaluation is unduly burdensome and oppressive in this instance. Courts may modify or quash a subpoena if the discovery sought is irrelevant or if compelling such discovery would be unduly burdensome or oppressive. *See* Fed. R. Civ. P. 45(d); *see also* Fed. R. Civ. P. 26(b)(2)(C); *Korotki*, 2022 WL 2191519, at *2. Considering the relevance, Defendant's proffered "need" for the discovery, the breadth of the

---

[1] There is no indication in the Declaration of Defendant's counsel that Defendant's counsel informed Cole that he should reiterate his objections in writing. (*See* Dkt. No. 29-2).

request, the burden imposed and Cole's non-party status, as well as the fact that Plaintiff has produced responsive text messages within her possession, Defendant's request is unduly burdensome. *See Am. Thermoplastics*, 2021 WL 4551337, at *2-3; *see also Lawson v. Love's Travel Stops & Country Stores, Inc.*, No. 17-1266, 2020 WL 109654, at *4 (M.D. Pa. Jan. 9, 2020) (finding that "[m]ere suspicion" or speculation that an opposing party may be withholding discoverable information is insufficient to support an "intrusive examination" of the opposing party's electronic devices or information systems). Accordingly, the Court denies Defendant's Motion to Compel.

## IV.   CONCLUSION

Having considered the submissions of the parties, and for the reasons set forth above,

**IT IS**, **THEREFORE**, on this **2d** day of **November 2023**, hereby

**ORDERED** that Defendant's Motion to Compel (Dkt. No. 29) is hereby **DENIED**; and it is further

**ORDERED** that the Clerk of the Court shall MAIL a copy of this Memorandum Opinion and Order to non-party Mohammed Cole by regular mail; and it is further

**ORDERED** that the Clerk of the Court is hereby directed to **TERMINATE** the Motion pending at Docket Entry Number 29.

**SO ORDERED**.

/s/ Rukhsanah L. Singh
**RUKHSANAH L. SINGH**
**UNITED STATES MAGISTRATE JUDGE**